IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CARL VON MORTENSON,

    Plaintiff,                Civil No. 04-3098-CO

  v.

                                     FINDINGS AND
BARBARA E. WEIDENBACH,       RECOMMENDATION

    Defendant.
_____

COONEY, Magistrate Judge:

    Plaintiff brings this action for declaratory and injunctive relief alleging claims that he owns an interest in a patent sold to him by defendant and that he is entitled to proceeds from commissions, royalties, and/or sales of the patent. Plaintiff seeks a declaration that he owns 20 percent of the patent, for a temporary restraining order and preliminary and permanent injunctions, attorney's fees and costs.. Defendant moves to dismiss this action pursuant to various abstention doctrines (#4).

## I. BACKGROUND

Plaintiff and defendant are currently husband and wife. (Defendant's Exhibit 1 at 2). Defendant filed an annulment proceeding in state court in December 1, 2004. (Id. at 1). The Petition for Dissolution of Marriage seeks to have the state court declare the parties interest in the patent. (Id. at 5). On November 8, 2004, plaintiff filed this action in federal court seeking a declaration that he owns 20 percent of the patent. (Docket Entry #1 - Complaint at 4.

## II. DISCUSSION

Defendant moves to dismiss this action based on various abstention doctrines, including the Colorado River Doctrine, Pullman abstention Doctrine, and the Younger Abstention Doctrine. The court finds that the Younger Abstention Doctrine is applicable to this case. See Kenner v. Morris, 600 F.2d 22 (6th Cir. 1979)( court properly declined to interfere in a pending domestic relations matter under the Younger abstention doctrine).

A federal court must abstain from exercising jurisdiction under the Younger abstention doctrine when, absent extraordinary circumstances: "'(i) the state proceedings are ongoing; (ii) the proceedings implicate important state interests; and (iii) the state proceedings provide an adequate opportunity to raise federal questions.'" Delta Dental Plan of Cal., Inc. v. Mendoza, 139 F.3d 1289, 1294 (9th Cir. 1998) (quoting Fresh Int'l Corp. v. Agricultural Labor Relations Bd., 805 F.2d 1353, 1357-58 (9th Cir. 1986)); Green v. City of Tucson, 255 F.3d 1086, 1091 (9th Cir. 2001). This three-factor analysis should take place only where the threshold condition for Younger abstention is present: when the relief sought by plaintiff in federal court would in some manner interfere directly with ongoing state judicial proceedings.

Green, 255 F.3d at 1096-1098; Montclair Parkowners Ass'n. v. City of Montclair, 264 F.3d 829, 831 (9th Cir. 2001). Where the factors for Younger abstention doctrine are met, the court must dismiss the action. World Famous Drinking Emporium, Inc. v. City of Tempe, 820 F.2d 1079, 1081 (9th Cir. 1987); Green, 255 F.3d at 1091.

In this case, there is an ongoing state domestic relations case in which the parties are asking the state court to determine, as part of the annulment, who owns the patent at issue in this case. Any ruling by this court on the same issue would interfere with this ongoing state case. Domestic relations is clearly an important state interest. Kenner, 600 F.2d at 24. In addition, the state court provides an adequate forum for plaintiff to raise his claims of ownership interest in the patent, the proceeds related thereto, and any injunctive or declaratory relief. This court finds all the requirements of the Younger Abstention Doctrine are meet.

### III. RECOMMENDATION

Based on the foregoing, it is recommended that defendants' motion to dismiss (#4) be granted and a judgment be entered dismissing this case.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a

waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this \_\_\_10\_\_ day of February, 2005.

_____/s/_____

UNITED STATES MAGISTRATE JUDGE